## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO. 08-36737-H4-11 |
| COMMUNICATIONS, INC., | § | (Chapter 11) |
| Debtor | § | |
| SkyPort Global Communications, Inc., Balaton | § | |
| Group, Inc., and Robert Kubbernus, | § | |
| Plaintiffs | § | |
| | § | |
| Vs. | § | ADVERSARY NO. 10-03225 |
| | § | |
| Joanne Schermerhorn, John K. Waymire, Chet | § | |
| Gutowsky, John Llewellyn, Joseph A. Lopez, | § | |
| Robert Foote, BLF Partners, Ltd., ECAL Partners, | § | |
| Ltd, Whiz Kid Ventures, LLC, Bella Krieger, | § | |
| Martin Pollak, Gloster Holdings, LLC, Melvyn | § | |
| Reiser, Barry Klein, Yecheskel Kahan, John | § | |
| A. Rees, Brian W. Harle, MD, Michael Stein, | § | |
| Lawrence Solomon, Tracy Elstein & David | § | |
| Togut, Jason Charles Togut Trust, BMT Grantor | § | |
| Trust, Lynn Joyce Elstein Trust, Charles Stack, | § | |
| Joseph Baker, Movada, Ltd., Puddy, Ltd., Draco | § | |
| Capital, Inc., Edward Pascal, Robert Mendel, | § | |
| Stanley Beraznik, Don Dui, Ben Ariano, 3790168 | § | |
| Canada, Inc., Peter Taylor, John E. Panneton, | § | |
| Wayne C. Fox, David Currie, Byron Messier, | § | |
| Darshan Khurana, Mateo Novelli, Diya Al-Sarraj, | § | |
| Sequoia Aggressive Growth Fund, Ltd., Sequoia | § | |
| Diversified Growth Fund, Ltd., Rig III Fund, Ltd., | § | |
| Aran Asset Management SA, Semper Gestion | § | |
| SA, and Eosphoros Asset Management, Inc., | § | |
| Defendants | § | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Edward L. Rothberg

I have received your request to waive service of summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

673513-1

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 30 days from <u>May 24, 2010</u>, the date when this request was sent (or 90 days if sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____ 5 | 26/10 _____

_____ W. Steve Smith _____
*Printed name of party waiving service of summons*

_____
*Signature of attorney or unrepresented party*

_____ W. Steve Smith _____
*Printed name*

_____ 1331 Lamar St. Ste. 1250, Houston, TX 77010 _____
*Address*

_____ SSmith @ mcfall-law.com _____
*E-mail address*

_____ 713.590.9300 ext.9380 _____
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.