IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., | § § § | CASE NO. 08-36737-H4-11 |
| Debtor | § | |
| JOANNE SCHERMERHORN, ET AL., Plaintiffs | § § § | |
| v. | § § | ADVERSARY NO. 10-03150 |
| CENTURYTEL, INC. (A/K/A CENTURYLINK), ET AL., Defendants | § § § § | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., ET AL., Plaintiffs | § § § § | ADVERSARY NO. 10-03225 |
| v. | § § | |
| JOANNE SCHERMERHORN, ET AL., Defendants | § § | (CONSOLIDATED UNDER ADVERSARY NO. 10-03150) |

## **MOTION FOR ENTRY OF ORDER**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Come now Joanne Schermerhorn, et al., (the "Schermerhorn Parties"), Plaintiffs in Adversary Proceeding No. 10-03150 and Defendants in Adversary Proceeding No. 10-03225, respectfully showing unto the Court as follows:

1.      On May 28, 2010, Counsel for CenturyTel, Inc., et al., (the "CenturyTel Parties") submitted to Counsel for the Schermerhorn Parties his proposed form of Order Granting Application for Preliminary Injunction (the "CenturyTel Proposed Order"). The e-mail transmittal and the CenturyTel Proposed Order are attached hereto as Exhibit "A". The CenturyTel Proposed Order is captioned only in Adversary No. 10-03150.

2. On June 2, 2010, Counsel for the Schermerhorn Parties responded with a revision to the CenturyTel Proposed Order, "until further order of the Court", so to avoid the lack of specificity as to time. Counsel for CenturyTel Parties responded "Ok, Thanks." That exchange is attached hereto as Exhibit "B".

3. On June 2, 2010, Counsel for the Schermerhorn Parties sent to Counsel for CenturyTel Parties the last paragraph of the CenturyTel Proposed Order revised as addressed in the preceding paragraph. The transmittal and paragraph are attached hereto as Exhibit "C". Counsel for the Schermerhorn Parties announced approval by the Schermerhorn Parties.

4. On June 3, 2010, Counsel for CenturyTel Parties transmitted the Order, the contents of which had been approved by the Schermerhorn Parties, requesting approval for submission to the Court under Adversary No. 10-03150. A copy of the transmittal and the CenturyTel Proposed Order approved by the Schermerhorn Parties is attached hereto as Exhibit "D".

5. Late Friday, June 3, 2010, Counsel for the CenturyTel Parties sent another form of this Order with the explanation of a "slight revision". Attached as Exhibit "E" is the transmittal and a wholly new Order Granting Application for Preliminary Injunction (the "New CenturyTel Order"). This was sent to local counsel at 4:48 p.m., well after the Schermerhorn Parties' co-counsel had left for the weekend. The New CenturyTel Order is anything but slightly revised. It seeks to prohibit contact with any customers, vendors, current employees or former employees, without limitation as to whose customers, vendors or employees, and without limitation as to time. As seen from Mr. Kubbernus' testimony at the last hearing, virtually everyone is a customer, vendor or potential customer or vendor. As will be shown hereinafter the people identified by Mr. Kubbernus as actual or potential customers and/or vendors are not,

but are rather parties suing Mr. Kubbernus or have, unsolicited, provided information to the Schermerhorn Parties.

6. On June 5, 2010, Counsel for the Schermerhorn Parties wrote Counsel for CenturyTel Parties expressing a willingness to work with counsel on the New CenturyTel Order in spite of the surprise at change and of the need for much greater specificity, and requested a list of customers, vendors and current employees to accept or to present to the Court if there was disagreement and a request that "former employees" be removed from the New CenturyTel Order. That was refused. A copy of this e-mail exchange is attached hereto as Exhibit "F".

7. On June 7, 2010, Counsel for the Schermerhorn Parties advised of, and subsequently sent that same day, a proposed order Granting Application for Preliminary Injunction (the "Schermerhorn Proposed Order") with a request that Counsel consider it or, if rejected, that the Court be advised of the reasons expressed by the Schermerhorn Parties for such rejection. That request does not appear to have been granted. A copy of both e-mail exchanges and the Schermerhorn Proposed Order are attached hereto as Exhibit "G".

8. On June 7, 2010, Counsel for CenturyTel Parties wrote "[t]here is no way we can list all of the people we don't want your clients to talk to". That e-mail is attached hereto as Exhibit "H". On June 7, 2010, Counsel for CenturyTel Parties filed in **Adversary No. 10-03225** the New CenturyTel Order.

9. There cannot be many current employees of SkyPort Global Communications, Inc. ("SkyPort") to identify. There cannot be many current customers and vendors of SkyPort to identify. But, identification is necessary; otherwise the only purpose to be discerned in presentation by the CenturyTel Parties of such a vague, but broad injunction order is to deny the ability of the Schermerhorn Parties to litigate their direct claims. That is borne out by Mr.

Kubbernus' untrue testimony that Dawn Cole is a customer or vendor – see e-mail exchanges of/to Dawn Cole and the Statement of Claim attached hereto as Exhibit "I"; that Roger Klotz is a customer or vendor – see attached e-mails from Roger Klotz during Kubbernus' testimony that he was a customer attached hereto as Exhibit "J"; and that the FCC is a customer, when it has sanctioned SkyPort. This is further borne out by threats made by Mr. Kubbernus on a number of witnesses of the Schermerhorn Parties, which will be the subject matter of a separate Complaint seeking injunctive relief against Mr. Kubbernus.

10. The Order needs specificity to protect SkyPort and to protect the Schermerhorn Parties. Once the direct claims are released by this Court specificity is needed to avoid running back to this Court every time the Schermerhorn Parties contact anyone, as part of its ongoing litigation, that Kubbernus does not want contacted.

Wherefore, premises considered, the Schermerhorn Parties request that the Schermerhorn Proposed Order be entered and that they be granted such other and further relief as is just.

Dated: June 9, 2010

                    Respectfully submitted,

                    McFall, Breitbeil & Shults, P.C.

                    By: */s/ W. Steve Smith*
                          W. STEVE SMITH
                          State Bar No. 18700000
                          1331 Lamar Street, Suite 1250
                          Houston, Texas 77010
                          (713) 590-9300
                          (713) 590-9399 (fax)

SAMUEL GOLDMAN & ASSOC.

By: */s/ Samuel Goldman*
SAMUEL GOLDMAN
100 Park Ave., 20th Fl.
New York, NY 10017
(212) 725-1400
(212) 725-0805 (fax)

THE FRYAR LAW FIRM

By: */s/ Eric Fryar*
F. ERIC FRYAR
State Bar No. 07495770
1001 Texas Ave., Suite 1400
Houston, Texas 77002
(281) 715-6396
(281) 715-6397 (fax)

HAROLD B. OBSTFELD, P.C.

By: */s/ Harold B. Obstfeld*
HAROLD B. OBSTFELD
100 Park Ave., 20th Floor
New York, NY 10017
(212) 696-1212
(212) 867-7360 (fax)

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

  I certify that a true and correct copy of the foregoing document is being served on the 9th day of June, 2010, on all of the following parties via regular first class mail, postage prepaid. Those ECF users registered in this case will receive electronic notice on June 9, 2010.

| | | |
|---|---|---|
| Office of U.S. Trustee<br>515 Rusk Ave., Ste. 3516<br>Houston, TX 77002 | Hugh M. Ray, III<br>McKool Smith, P.C.<br>600 Travis, Suite 7000<br>Houston, TX 77002 | Robert M. Manley<br>McKool Smith, P.C.<br>300 Crescent Court, Suite 1500<br>Dallas, TX 75201 |
| Edward L. Rothberg<br>Hoover Slovacek, L.P.<br>5847 San Felipe, Ste. 2200<br>Houston, TX 77057 | David R. Jones<br>Elizabeth Freeman<br>Porter & Hedges, LLP<br>1000 Main Street, 36th Fl.<br>Houston, TX 77002<br>*(Subject to Special Appearance)* | Wilson Vukelich, LLP<br>Valleywood Corporate Centre<br>60 Columbia Way, Suite 710<br>Markham, Ontario L3R 0C9<br>CANADA |

                */s/ W. Steve Smith*
                W. Steve Smith